UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SPECTRUM HEALTH,

    Plaintiff,

v.                                                                                          Case No. 1:08-CV-182

GOOD SAMARITAN EMPLOYERS                           HON. GORDON J. QUIST
ASSOCIATION, INC. TRUST FUND, et. al,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

The Court has before it Defendants' Motion to Strike allegations contained in Plaintiff's Complaint. This is a medical benefits case brought by Plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461. Defendants have moved to strike allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, and 26 of Plaintiff's Complaint. The allegations contained in paragraphs 14 through 21 concern previous litigation in this matter conducted in Kent County Circuit Court. In summary, the allegations state that in June 2004 Plaintiff filed suit against Defendants, and Defendants promptly removed the lawsuit to this Court. (Compl. ¶¶ 14, 15.) Plaintiff then moved for remand based on improper removal, which was granted and Plaintiff was awarded attorney fees for the improper removal. (Compl. ¶¶ 16, 17.) On remand, both parties moved for judgment on the administrative record. (Compl. ¶¶ 18, 19, 20.) The Kent County Circuit Court determined that the matter should be remanded to the Plan Administrator and dismissed the lawsuit without prejudice. (Compl. ¶ 21.) Defendants' motion to strike paragraph 26 of Plaintiff's Complaint is based on its incorporation of an affidavit of Mark Taylor, which

Defendants contend contains inadmissable legal conclusions and is in derogation of the Federal Rules of Evidence and Rule 8 of the Federal Rules of Civil Procedure.

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1]  Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Resolution Trust Corp. v. Vanderweele*, 833 F. Supp. 1383, 1387 (N.D. Ind. 1993).  However, a motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation.  *See Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking references to defendant's criminal conviction and income level).  A motion to strike should also be granted where the requested relief is unavailable.  *See Brokke v. Stauffer Chem. Co.*, 703 F. Supp. 215, 222-23 (D. Conn. 1988) (striking plaintiff's request for punitive damages under Employee Retirement Income Security Act of 1974).

Defendants maintain that the allegations contained in paragraphs 14 through 21 are irrelevant to the claims in this case.  The Court does not agree.  The allegations contained in those paragraphs provide the procedural history of the case, including activity in this very Court.  Defendants do not provide any authority – or even an argument – for why these allegations are immaterial.  Thus, the Court does not find these allegations to be redundant, immaterial, or scandalous. Moreover, Defendants do not explain why these allegations are inconsistent with Rule 8 of the Federal Rules of Civil Procedure.  Upon the Court's own cursory review, the allegations appear to be "simple, concise, and direct" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) and (d)(1).

---

[1] Defendants do not cite Rule 12(f) as the basis for their motion to strike – or any other rule for that matter – but Rule 12(f) is the only rule that provides a basis to strike matters contained in a pleading.

Likewise, the Court rejects Defendants' arguments with respect to paragraph 26 of Plaintiff's Complaint and the affidavit contained therein. First, the affidavit objected to was presented to Defendants during its administrative review. Thus, it is part of the administrative record and relevant to the case. Furthermore, whether that affidavit complies with the Federal Rules of Evidence is immaterial because the Federal Rules of Evidence do not apply to materials contained in the administrative record in an ERISA case. *Karr v. Nat'l Asbestos Workers*, 150 F.3d 812, 814 (7th Cir. 1998); *McGuire v. Hartford Life and Accident Ins. Co.*, No. 5:05-cv-1928, 2006 WL 2773441, *3, n.2 (N.D. Ohio Sep. 25, 2006). Moreover, the statements contained within paragraph 26 and the accompanying affidavit do not violate Rule 12(f) as being redundant or immaterial, nor do they violate Rule 8. Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike is **DENIED**.


Dated: June 18, 2008              /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE